# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NORTHEASTERN DIVISION

| | |
|---|---|
| LISA M. FRANKENFIELD AND ) | |
| GUY M. GOTTHARDT, ) | |
| by and through their Conservator, ) | |
| Kelly Tayes Private Conservator, LLC, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 2:12-00054 |
| ) | Judge Sharp |
| WALTER M. STRONG, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM

Pending before the Court is a "Motion for Issuance of a Preliminary Injunction" filed on behalf of Plaintiffs Lisa M. Frankenfield and Guy M. Gotthardt, in which they request that Defendant Walter M. Strong be prohibited "from transferring, signing, borrowing against, concealing or in any way dissipating or disposing of any asset in which the Defendant has an ownership interest, the value of which exceeds $500.00, without this Court's prior approval." (Docket No. 7). Defendant has filed no response to the Motion. Plaintiffs' Motion will be granted.

## I. DISCUSSION

In deciding whether to grant an injunction pending a trial on the merits, the Court must consider four factors: (1) whether the party seeking injunctive relief has a strong likelihood of prevailing on the merits of the case; (2) whether the moving party will suffer irreparable injury if the injunction is not entered; (3) the potential harm the injunction would cause the opposing party or others; and (4) the public interest. See, Bays v. City of Fairborn, 668 F.3d 814, 818-19 (6th Cir. 2012); Tumblebus, Inc. v. Cranmer, 399 F.3d 754, 760 (6th Cir. 2005). "'These factors are not

prerequisites which must be met, but are interrelated considerations that must be balanced together.'" Northeast Ohio Coalition for Homeless and Service Employees v. Blackwell, 467 F.3d 999, 1009 (6th Cir. 2006) (citation omitted); accord, United States v. Contents of Accounts, 692 F.3d 601, 608 (6th Cir. 2011).

## A. Likelihood of Success on the Merits

"In order to establish a likelihood of success on the merits of a claim, a plaintiff must show more than a mere possibility of success." Six Clinics Holding Corp., II v. CAFCOMP Sys., 119 F.3d 393, 407 (6th Cir. 1997). "However, it is ordinarily sufficient if the plaintiff has raised questions going to the merits so serious, substantial, difficult, and doubtful as to make them fair grounds for litigation and thus for more deliberate investigation." Id.

According to the allegations in the Complaint, which Defendant has not answered or otherwise challenged,[1] Plaintiffs were both declared disabled persons by the Chancery Court of Clay County, Tennessee in August 2004, and Defendant was appointed as their Conservator. In his role as Conservator, Defendant has allegedly utilized Plaintiffs' funds as if they were his own, coerced Plaintiff Frankenfield into performing sexual intercourse, and coerced Plaintiff Gotthardt to provide labor and services. Specifically as regards the alleged misuse of funds, Plaintiffs claim that Defendant has embezzled $62,606.90 from Plaintiff Gotthardt, and $37,081.09 from Plaintiff Frankenfield.

The Complaint also alleges that Defendant has been the subject of state scrutiny with respect to both his alleged abuse and embezzlement while serving as Conservator for Plaintiffs.

---

[1] Obviously the allegations in the Complaint are just that – allegations. By referencing those allegations, the Court is in no way evidencing an opinion as to whether what Plaintiffs allege actually occurred.

The Department of Human Services for the State of Tennessee filed a petition in the Chancery Court on July 5, 2011, seeking Defendant's removal as Conservator, and, in doing so, alleged that Defendant had threatened and abused Plaintiffs and financially exploited them. In response, the Chancery Court, on July 5, 2011, enjoined Defendant from any contact with Plaintiffs, and, on July 11, 2011, permanently removed Defendant as Conservator.

Additionally, the record before this Court reflects that on June 4, 2012, the Grand Jury for Clay County, Tennessee issued two Indictments against Defendant, charging him with the rape and sexual battery of Lisa Frankenfield, and with theft of property from both Plaintiffs.

Given the foregoing allegations and representations, which Defendant in no way challenges, Plaintiffs have more than met the requirement of showing a substantial likelihood of success on the merits.

## B. **Irreparable Harm to Plaintiffs**

"After determining that a plaintiff has demonstrated a substantial likelihood of success on the merits of his underlying claim, the second factor that a court must consider when deciding whether to issue a preliminary injunction is whether the plaintiff will suffer irreparable injury without the injunction." Certified Restoration Dry Cleaning Network LLC v. Tenke Corp., 511 F.3d 535, 550 (6th Cir. 2007). "'A plaintiff's harm from the denial of a preliminary injunction is irreparable if it is not fully compensable by monetary damages." Id. (quoting, Overstreet v. Lexington–Fayette Urban County Gov't, 305 F.3d 566, 578 (6th Cir.2002)).

In the absence of an injunction, Plaintiffs may well be irreparably harmed, and this remains so notwithstanding the fact that they are seeking monetary damages. If Defendant is allowed unfettered use of assets during the pendency of this case, those funds may be dissipated by the time

a final judgment is rendered. While the potential dissipation of assets may exist in every case seeking money damages, the concern here is acute given the allegations that Defendant has embezzled significant sums of money from Plaintiffs for his own use. Additionally, by Order issued contemporaneously herewith, the Court is going to stay this case during the pendency of the state criminal proceedings, meaning that it will take longer than usual to resolve this case, and giving Defendant more time within which to possibly dissipate assets.

## C. Substantial Harm to Others

"The third factor for a court to consider is 'whether the issuance of the injunction would cause substantial harm to others.'" Id. at 550-51. In this case, the only potential harm this Court can perceive is that Defendant will have to request Court approval before he disposes or dissipates assets in excess of $500.00. The Court has no reason to believe, however, that this will impose a "substantial harm" because, if Defendant has a genuine need to sell or otherwise dispose of an asset in order to satisfy a particular need, Defendant can seek relief from the Court. The requested relief will likely be granted if the Court is convinced that Defendant is not selling or encumbering an asset in an attempt to thwart Plaintiffs from collecting a future judgment should they prevail on their claims.

## D. The Public Interest

The last factor in determining whether to grant a preliminary injunction "asks whether the public interest is advanced in issuing" the order. National Hockey League Players Ass'n v. Plymouth Whalers Hockey Club, 372 F.3d 712, 720 n. 4 (6th Cir. 2003). Obviously, there is at least some public interest in assuring that monies which may go towards satisfying a judgment are secured so that a prevailing plaintiff receives more than a pyrrhic victory. The public interest is also

4

served by protecting those who are placed in a conservatorship and by ensuring that their money is not wrongfully spent by the individual in whose care they have been placed.

## II. **CONCLUSION**

Based upon the foregoing, Plaintiffs' Motion for the Issuance of a Preliminary Injunction (Docket No. 7) will be granted and Defendant will be prohibited from transferring, signing, borrowing against, concealing or in any way dissipating or disposing of any asset in which Defendant has an ownership interest, the value of which exceeds $500.00, without this Court's prior approval.

An appropriate Order will be entered.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE