UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| LISA M. FRANKENFIELD AND ) | |
| GUY M. GOTTHARDT, ) | |
| by and through their Conservator, ) | |
| Kelly Tayes Private Conservator, LLC, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 2:12-00054 |
| ) | Judge Sharp |
| WALTER M. STRONG, ) | |
| ) | |
| Defendant. ) | |

## ORDER STAYING CASE

In this litigation, Plaintiffs Lisa M. Frankenfield and Guy M. Gotthardt, both of whom were declared disabled by the Chancery Court of Clay County, Tennessee allege that Defendant Walter M. Strong, abused them and embezzled money from them while acting as their appointed conservator. The Complaint is in four counts.

In Count II, Plaintiffs allege violations of 18 U.S.C. §§ 1589 and 1596. Specifically, Plaintiffs claim that Defendant "knowingly and willfully obtained the labor and/or services of Guy Gotthardt, by the means of force or threats of force, by subjecting the Plaintiffs to serious harms, as well as by means of abuse and threatened abuse." (Docket No. 1, Complaint ¶ 93). Plaintiffs further allege that Defendant "benefitted financially in forcibly obtaining the labor and/or services of Mr. Gotthardt." (Id. ¶ 94).

In response to the Complaint, Defendant filed a Motion to Stay (Docket No. 4), to which Plaintiffs have responded in opposition (Docket No. 5). The Court heard oral argument on the Motion to Stay in Cookeville, Tennessee on October 1, 2012. For the following reasons, Defendant's request

1

for a stay will be granted, and this case will be stayed pending resolution of the criminal charges at the trial court level.

Section 1589 of Title 18 makes it a crime to knowingly obtain the labor or services of a person by means of force or serious harm, or threats of force or serious harm. 18 U.S.C. § 1589. Section 1595 of Title 18, in turn, provides a civil remedy for victims of forced labor. 18 U.S.C. § 1595 (a). However, Section 1589 also goes on to provide:

> (b)(1) Any civil action filed under this section shall be stayed during the pendency of any criminal action arising out of the same occurrence in which the claimant is the victim.
>
> (2) In this subsection, a "criminal action" includes investigation and prosecution and is pending until final adjudication in the trial court.

18 U.S.C. § 1595(b).

On June 4, 2012, the Grand Jury for Clay County, Tennessee, issued two Indictments against Defendant. In the first Indictment, Defendant is charged with rape and sexual battery by an authority figure in violation of Tenn. Code Ann. §§39-13-503 and 39-13-527. In the second Indictment, Defendant is charged with theft of property in excess of $60,000 from Plaintiffs in violation of Tenn. Code Ann. §39-14-103. In light of those charges, Defendant requests that this case be stayed in accordance with 18 U.S.C. § 1595(b).

The language in Section 1595(b)(1) is broad, as there is no requirement in the statute that the underlying criminal case allege a violation of the forced labor statute. Rather, Section 1595(b)(1) requires that "any criminal action arising out of the same occurrence" be stayed. Further, because "Section 1595 requires the stay of '[a]ny civil action' to which it is applicable; it does not speak of staying particular claims." Lunkes v. Yannai, 2012 WL 2914136 at *4 (S.D.N.Y. 2012); see, Antonio-Morales v. Bimbo's Best Produce, Inc., 2009 WL 1591172 at *1 (E.D. La. 2009) (imposing a stay

2

under section 1595(b)(1) where, in addition to claim for forced labor, plaintiffs alleged "closely related FLSA, contract, and battery claims"); Ara v. Khan, 2007 WL 1726456, at *1–2 (E.D.N.Y. June 14, 2007) (staying "all proceedings" pursuant to government's request under Section 1595(b)(1) in case invoking the forced labor statute and "a number of legal authorities").

In this case, both the criminal charges and Plaintiffs' civil complaint arise out of the "same occurrence" and involve Defendant's alleged criminal and civil wrongs against Plaintiffs in his role as conservator. As such, the Court will stay these proceedings.

The stay, however, will only remain in effect "until final adjudication in the trial court," 18 U.S.C. § 1595(b)(2), which the Court reads as excluding any period of time occasioned by an appeal from any conviction or sentence. "Final disposition logically coincides with the entry of the judgment in a criminal matter, which in turn occurs when a criminal defendant is sentenced," and "is consistent with the purpose and legislative history of Section 1595." Lunkes, 2012 WL 2914136 at *3.

Accordingly, Defendant's Motion for Stay (Docket No. 4) is hereby GRANTED, and this case is hereby STAYED until such time as Defendant is (1) acquitted; (2) convicted and sentenced; or (3) the charges are dismissed on the Indictments pending in the Clay County Criminal Court in cases numbered 2012-CR-51 and 2012-CR-52. The parties shall notify the Court within twenty (20) days of the resolution of the criminal charges in the trial court, at which time the stay in this case will be lifted.

It is SO ORDERED.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE